J-S20013-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JONATHAN COREZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CORRINE SCHLIER | : | No. 541 EDA 2026 |

Appeal from the Order Entered January 27, 2026
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2025-FC-0776

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

JUDGMENT ORDER BY NICHOLS, J.:          **FILED AUGUST 12, 2026**

Appellant Jonathan Corez (Father) appeals from the final order awarding custodial rights to G.P. and A.P. (Children), the children of Father and Appellee Corrine Schlier (Mother), that modified the physical custody schedule established in a temporary order from primary custody with Father to equally shared custody.  We vacate and remand.

In this custody matter, Father claims that the trial court failed to "appropriately address and weigh each of the custody factors" and, in particular, abused its discretion in finding that two specific custody factors favored Mother over Father.  Father's Brief at 6.

In entering the order appealed from, the trial court states that "it considered the Section 5328(a) factors" as set forth in the Child Custody Act[1]

_____

[1] 23 Pa.C.S. §§ 5321-5340.

(Custody Act). Trial Ct. 1925(a) Stmt., 3/10/26, at 1. Specifically, the trial court states that it "determin[ed] which of the factors . . . to be most salient . . . [to] the best interest of [Children], and made credibility findings." *Id.* Acknowledging, however, that trial courts "must state their mandatory assessment of the enumerated [custody] factors prior to the filing deadline for any appeal" and that a decision that "fails to adequately address all the relevant factors does not comply" with the Custody Act, the trial court requests that we vacate the order so that it may enter "a new final custody order and decision which explicitly includes the court's written assessment of each Section 5328(a) factor." *Id.* at 2 (citing, *inter alia*, **C.M. v. M.M.**, 215 A.3d 588, 592 (Pa. Super. 2013)).

The record reflects that the trial court held a hearing on this custody matter on December 11, 2025 and at the end of the hearing stated, "I will take the matter under advisement . . . [and will probably] make a determination . . . within the next 30 days." N.T., 12/11/25, at 93. On January 27, 2026, the trial court issued the order appealed from and a memorandum opinion discussing its reasons for the custody determination. Neither the custody order nor its accompanying memorandum opinion identified or considered all of the Section 5328(a) custody factors. **See generally** Trial Ct. Op., 1/27/26; Trial Ct. Order, 1/27/26. Accordingly, we vacate and remand for the trial court to place its consideration of each of the Section 5328(a) custody factors on the record, either prior to or contemporaneously with the entry of a new custody order. **See C.M.**, 215

A.3d at 592-94 (where the trial court "offered no explanation as to how [the] custody award was in [the child's] best interests," this Court vacated and remanded for the court to "consider the [custody] factors on the record or in a written opinion" (citation omitted)).

Order vacated. Remanded for further proceedings consistent with this judgment order. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2026